Nash, C. J.
 

 The declaration was served upon the tenant in possession with the customary notice from the plaintiff. On the return of the writ, the lessor of the plaintiff filed an affidavit, under the Act of 1836, (ch. 31, sec. 51,) in which he stated, that the tenant in possession entered into possession of
 
 ce
 
 the premises, under his tenant, as a tenant at will.” The affidavit sets forth a demand and refusal to surrender. Objection was then made to Staton’s being allowed to defend the suit, until he had entered into bond with security,
 
 “
 
 to pay the lessor all such costs and damages as shall be recovered in said suit ’ ’ — as required by the Act of 1836. We think his Honor, the presiding Judge, erred in overruling the objection.
 

 The Act of 1836 is a remedial statute, and ought to receive from the Courts such a construction as will remedy the existing evil. This case is not strictly within the words of the Act, but it is certainly within its meaning. One of the objects of the statute is to save a landlord the necessity of going to a trial, when his tenant holds over vexatiously ; and when the trouble and expense of an ejectment may be very disproportionate to the value of the possession sued for. See the opinion of Chief Justice Abbot, in the case of
 
 Phillips
 
 v. Roc, 5 B. & A. 768, in commenting on ■ the statute of 1 Geo. 4, ch. 87. In an ordinary action of ejectment, a tenant upon whom notice lias been served, has a right to be made defendant, upon giving bond and security for the costs
 
 ;
 
 and the lessor of the plaintiff is driven to his action of trespass to
 
 *466
 
 recover his mesne profits. The object of the Act of 1836 is twofold : the one as stated in the case of
 
 Phillips
 
 above referred to— the other to supersede the necessity of two actions. By the letter of the law, its operation is confined to the case of a landlord and his immediate tenant. In this view it would, but partially meet the mischief intended to be remedied. A tenant, for instance, with the intention to escape its application to himself, would have nothing to do but to put another person in possession, before the expiration of his lease. . Not being himself in possession, no action of ejectment could be brought against him ; and his lessee not being the tenant of the landlord, the latter would be driven to his action, unaided by the Act of 1836
 
 ;
 
 and after a recovery of the possession, would have to resort to another action for his mesne profits, and find but a man of straw to deal with. It may be said this is the result of every case, where an insolvent person takes possession of land belonging to another. That is true ; but the relation of landlord and tenant has ever been regarded by the law as one of peculiar interest — as contributing to the prosperity of agriculture, the great civil interest in every State. Thus the common law, to secure to the landlord a regular return and remuneration for the tenant’s occupation, provided the summary remedy by distress, to which was subject any personal property found on the land : at the same time it exempted from its operation the beasts of the plough, and all implements employed in husbandly by the tenant — the object of the law being to protect both in their relation to each other. The action of distress for rent never has been in force in this State, and the statute of 1836 gives the landlord a remedy against his tenant holding over, which, if not so expeditious, is more just and reasonable. Nor has the tenant any right to complain. He makes his contract with a knowledge of the law, and every attempt to evade it,, by putting another person in possession of the premises, as his lessee, is a fraud upon the law, -and should be discountenanced. If we should sanction, by our opinion, the construction of the Act contended for by the defendant, we should strip the Act of its efficacy, by adhering to the letter. : This opinion will be certified .to the Superior Gourt of Rutherford county.
 

 Pee CüRiam. Judgment reversed.